# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITEK SYSTEMS, INC., a Delaware corporation<br><br>           Plaintiff,<br>    v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA),<br>a Texas reciprocal inter-insurance exchange,<br><br>           Defendant. | C. A. No. 12-462-GMS |

## USAA'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO TRANSFER TO THE WESTERN DISTRICT OF TEXAS

Cathy L. Reese (# 2838)
Jeremy D. Anderson (# 4515)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th floor
P. O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 778-8407
Facsimile: (302) 652-0607
reese@fr.com
janderson@fr.com

**OF COUNSEL**
David Francescani
Michael T. Zoppo
Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022
Telephone: (212-765-5070
Facsimile: (212) 258-2291
francescani@fr.com
zoppo@fr.com

*Attorneys For Defendant United Services Automobile Association*

Dated: April 18, 2012

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................1

II. SUMMARY OF THE ARGUMENT ................................................................1

III. STATEMENT OF FACTS.................................................................................2

IV. ARGUMENT......................................................................................................3

    A. MITEK'S MIRROR-IMAGE SUIT SHOULD BE DISMISSED UNDER THE FIRST FILED RULE ......................................................4

        1. Mitek's Mirror-Image Suit Should Be Dismissed in Favor of USAA's Earlier Filed Suit Because Both Proceedings Involve the Same Partiesand the Same Patents ........................................................................................5

        2. The Narrow Exception of the First Filed Rule Does Not Apply Here Because USAA Filed the First Suit in Good Faith ..............................................................................................7

    B. IN THE ALTERNATIVE, MITEK'S MIRROR-IMAGE SUIT SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TEXAS....................................................................................................8

        1. Mitek's Mirror-Image Patent Claims Should be Transferred to the Western District of Texas Because It is More Convenient to Litigate There ............................................9

        2. Failure to Transfer Mitek's Mirror-Image Suit Will Thwart Efficiency ........................................................................10

        3. Mitek Will Suffer No Prejudice if the Mitek Mirror-Image Suit is Transferred..............................................................11

    C. MITEK'S BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED FOR LACK OF DIVERSITY..........................................11

    D. MITEK CANNOT USE THE VENUE CLAUSE IN THE CONTRACT AS A BOOTSTRAP TO SECURE ITS PATENT CLAIMS IN THIS COURT................................................................12

V. CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

| CASES | PAGE NOS. |

*Abbott Labs. v. Johnson and Johnson, Inc.*,
 524 F. Supp. 2d 553 (D. Del. 2007)..................................................................................5

*Boston Sci. Corp. v. Wall Cardiovascular Tech. LLC.*,
 647 F. Supp. 2d 358 (D. Del. 2009)................................................................................4, 5

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*,
 554 F.2d 1254 (3d Cir. 1977)............................................................................................11

*Comcast Cable Commc'n, LLC v. USA Video Tech. Corp.*,
 2008 U.S. Dist. LEXIS 35188 (D. Del. April 29, 2008)....................................................9

*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*,
 130 F.2d 474 (3rd Cir. 1942) .............................................................................................4

*EEOC v. Univ. of Pa.*,
 850 F.2d 969 (3d Cir. 1988).........................................................................................4, 7

*Genetech, Inc. v. Eli Lilly & Co.*,
 998 F.2d 931 (Fed. Cir. 1993)..............................................................................4, 5, 6, 7

*Grider v. Keystone Health Plan Cent., Inc.*,
 500 F.3d 322 (3rd Cir. 2004) .............................................................................................4

*In re Genetech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009).......................................................................................8, 9

*Lab. Corp. Am. Holdings v. Chiron Corp.*,
 384 F.3d 1326 (Fed. Cir. 2004).........................................................................................3

*Lewis v. USAA*,
 43 F.3d 433 (8th Cir. December 29, 1994) ......................................................................11

*Micron Tech. v. Mosaid Techs.*,
 518 F.3d 897 ..................................................................................................................4, 8

*Remy Inc. v. CIF Licensing, LLC*,
 2008 U.S. Dist. LEXIS 44546 (D. Del. June 9, 2008)......................................................5

*Shutte v. Armco Steel Corp.*,
 431 F.2d 22 (3rd Cir. 1970) ...............................................................................................6

*Sonion Nederland BV v. Asius Tech. LLC*,
    2011 U.S. Dist. LEXIS 144221 (D. Del. Nov. 18, 2011) ...................................................... 7, 9

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*,
    520 F. Supp. 2d 579 (D. Del. 2007) ........................................................................................ 4, 7

*Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.*,
    125 F.2d 1008 (3rd Cir. 1942) ..................................................................................................... 4

*Vygon v. Rymed Tech., Inc.*,
    2009 U.S. Dist. LEXIS 31288 (D. Del. Mar. 31, 2009) ........................................................... 5, 8

**STATUTES**

28 U.S.C. § 1332(a)(c) ......................................................................................................................... 11

28 U.S.C. § 1404(a) ............................................................................................................................... 9

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

On March 29, 2012 USAA filed a complaint in the Western District of Texas (the "Texas complaint") to obtain declaratory judgment of non-infringement, invalidity, and unenforceability of the five Mitek patents. Two weeks later, Mitek filed this action for infringement of the very same five patents.

United Services Automobile Association ("USAA"), a reciprocal inter-insurance exchange and unincorporated association with its principal place of business in San Antonio, Texas, respectfully requests that this Court dismiss the present suit filed by Mitek System, Inc. ("Mitek") or, in the alternative, transfer the patent causes of action to the Western District of Texas, also located in San Antonio, and where USAA filed the first action.

II.     **SUMMARY OF THE ARGUMENT**

1. The first filed rule demands dismissal of Mitek's second-filed, duplicative allegations of patent infringement.

2. Second, with the patent causes of action dispatched under the first filed rule, the only claim left is Mitek's allegation of breach of contract. But without the patent claim providing a basis for supplemental jurisdiction and no diversity of citizenship, this Court does not have jurisdiction over an issue of Delaware state law. This case must be dismissed in its entirety.

3. Third, if the Court chooses not to dismiss Mitek's second-filed, duplicative cause of action for of patent infringement, the Court should transfer those claims to the Western District of Texas, where the first action was filed. The Texas court is more convenient

for both parties because (1) USAA resides in San Antonio, (2) the expected USAA witnesses are in San Antonio, (3) the accused system was designed and is operated in San Antonio, (4) to USAA's knowledge, no witnesses reside in Delaware, and (5) Mitek is headquartered in San Diego, not Delaware, and resides much closer to the San Antonio court.

### III. STATEMENT OF FACTS

On March 29, 2012, United Services Automobile Association ("USAA") filed an action in the Western District of Texas (the "Texas complaint"). Put simply, the Texas complaint seeks to redress Mitek's and USAA's disputes concerning USAA's revolutionary "Deposit@Mobile" application. This application, developed in-house by USAA, allows USAA's members—many of whom are active members of the military located all over the globe and nowhere near a local branch of a bank—to remotely deposit a check by taking a picture of it and sending it to USAA. Mitek's second-filed action pertains to Deposit@Mobile, too.

In particular, the first-filed Texas complaint seeks declaratory judgment of non-infringement, invalidity, and unenforceability of five Mitek patents – United States Patent Nos. 7,778,457 ("the '457 patent"), 7,949,176 ("the '457 patent"), 7,953,268 ("the '268 patent"), 7,9778,900 ("the '900 patent"), and 8,000,514 ("the '514 patent"). In the Texas complaint USAA alleges, *inter alia*, that the Mitek patents were improperly obtained through the misuse of trade secrets and other confidential information developed by USAA and disclosed to Mitek under three confidentiality agreements, two of which specify Bexar County, Texas (*i.e.,* San Antonio) as the exclusive venue for any related dispute. *Feb. 7, 2008 Confidentiality Agreement* ¶4.6 (W.D. Tex. Compl. Ex. M); *May 12, 2006 Confidentiality Agreement* ¶ 4.6 (W.D. Tex.

2

Compl. Ex. L). The Texas complaint includes additional claims not present in this second-filed action, such as claims for breach of confidentiality agreements, fraud, and unjust enrichment.[1]

Before filing an answer to the first-filed Texas complaint, Mitek filed a mirror-image suit on April 12, 2012 in this Court for infringement of the *same five patents* asserted in the Texas complaint. (D.I. 1) There is perfect overlap. The remaining cause of action alleges breaches a software license that is governed by Delaware state law and no federal jurisdiction exists.

## IV. ARGUMENT

"A procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to our exclusive control by statute, or if it clearly implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction." *Lab. Corp. Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004). "The question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement . . . invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits." *Id.*

Federal Circuit law controls USAA's motion to dismiss Mitek's causes of action for patent infringement. One cause of action in Mitek's complaint presents issues that pertain solely to Delaware state law and thus should be governed by Third Circuit law.

---

[1] To simplify the matters before this Court, USAA has amended the Texas complaint to withdraw its claim for reimbursement of royalties that it overpaid to Mitek on the software license that is the subject of Mitek's complaint in this Court.

By asserting the same patents and raising essentially the same issues, Mitek's second-filed mirror-image suit serves no practical purpose except to deprive USAA of the right to select a convenient and cost-efficient forum.

To prevent litigants like Mitek from gaming the system and wasting judicial resources, the Third Circuit and the Federal Circuit have directed district courts to apply the first filed rule.[2] Absent special circumstances, the first filed rule requires a district court to give preference to a first-filed action where the second-filed action includes essentially the same parities, same issues, and same patents. In applying the first filed rule, the Court should dismiss Mitek's patent causes of action for mirroring the earlier filed USAA suit.[3] Without the patent causes of action, the contract cause of action falls away for lack of jurisdiction.

### A. MITEK'S MIRROR-IMAGE SUIT SHOULD BE DISMISSED UNDER THE FIRST FILED RULE

The Third Circuit and the Federal Circuit have repeatedly endorsed the first filed rule, under which a first-filed action must be given preference absent special circumstances. *E.g.*, *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3rd Cir. 2004); *EEOC v. Univ. of Pa.*, 850 F.2d 969 (3d Cir. 1988); *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474 (3rd Cir. 1942); *Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.*, 125 F.2d 1008 (3rd

---

[2] The Fifth Circuit also observes the first filed rule. *E.g., Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997)*; West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985)*; Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir.1971); *Excentus Corp. v. Kroger Co.*, Civil Action No. 3:10-cv-0483-B, 2010 WL 3606016, at *3 (N.D. Tex. Sept. 16, 2010*); Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 775 (E.D. Tex. 2009); *StemCells, Inc. v. Neauralstem, Inc.*, No. C 08-2364 CW, 2008 WL 2622831, at *3 (N.D. Cal. July 1, 2008); *VCode Holdings, Inc. v. Cognex Corp.*, No. 2:07-CV-138, 2007 WL 2238054, at *1 (E.D. Tex. Aug. 3, 2007).

[3] Or in the alternative, the court may transfer the patent causes of action in Mitek's complaint to the Western District of Texas, in which the USAA suit was first brought.

Cir. 1942); *Genetech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993) (abrogated in part on other grounds); *Micron Tech., Inc. v. Mosaid Tech.*, Inc., 518 F.3d 897 (Fed. Cir. 2008).

In applying the first filed rule, this court has routinely dismissed second-filed actions like Mitek's. *Boston Sci. Corp. v. Wall Cardiovascular Tech. LLC.*, 647 F. Supp. 2d 358 (D. Del. 2009); *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007); *Remy Inc. v. CIF Licensing, LLC*, 2008 U.S. Dist. LEXIS 44546 (D. Del. June 9, 2008) (dismissing the second-filed suit which involved the same claims as the first-filed suit); *Vygon v. Rymed Tech., Inc.*, 2009 U.S. Dist. LEXIS 31288 (D. Del. Mar. 31, 2009) (granting the motion to dismiss the second-filed infringement action in favor of the first-filed declaratory judgment action).

  **1. Mitek's Mirror-Image Suit Should Be Dismissed in Favor of USAA's Earlier Filed Suit Because Both Proceedings Involve the Same Parties and the Same Patents**

Where proceedings involving the same parties and issues are pending simultaneously in different federal courts, the first to file rule requires the dismissal[4] of the second-filed suit absent exceptional circumstances. *Genetech, Inc.*, 998 F.2d 931; *Boston Sci. Corp.*, 647 F. Supp. 2d 358, at 368 n.12; *Abbott Labs. v. Johnson and Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (*citing E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976-79 (2d Cir. 1988)).

The USAA suit was filed 14 days before the Mitek suit. Like the second-filed suit in *Boston Scientific* which was dismissed by this Court, the Mitek suit is pending simultaneously with the first-filed USAA suit, the asserted patents in the Mitek suit are identical to the patents

---

[4] Questions about the first-to-file rule may be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Ervin v. Kelly*, 2010 WL 2985675 at *1 (W.D. Wash. July 23, 2010) (granting 12(b)(1) motion on first to file grounds).

challenged by the first-filed USAA suit, and the parties involved in the Mitek suit are the same as in the first-filed USAA suit.

Because these two suits share the same patents and the same operative facts, all the patent issues raised in the second-filed Mitek suit can be resolved in the first-filed USAA suit. Dismissing the Mitek suit not only reduces the litigation cost on the parties, it also lessens the administrative cost of the second-filed court – in this case, the District Court for the District of Delaware. And more importantly, dismissing the Mitek suit will eliminate the possibilities of having inconsistent outcomes between the first-filed court and the second-filed court. *See Genetech, Inc.*, 998 F.2d at 931 (emphasizing the importance of "preventing multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters").

Mitek's decision to litigate in this Court obviously is not based on any convenience or cost-saving factors since Mitek's headquarters are located in San Diego, California, and Mitek's principal place of business is not in the State of Delaware. From a strategic standpoint, Mitek's mirror-image suit serves no practical purpose except for frustrating USAA's effort in selecting a convenient and cost-efficient forum. The Third Circuit disfavors such strategic behavior because it allows second-filed litigants to game the system by forum shopping. To that end, the Third Circuit cautions lower courts that "a plaintiff's proper choice of forum is a paramount consideration" and "that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970). Here, USAA's choice of forum should likewise be given "a paramount consideration" because such a choice is based on convenience and cost-efficiency reasons – many, if not all, of USAA's material witnesses reside in the first-filed district and none reside in the second-filed district; the accused instrumentalities are located in the first-filed

district; and a majority of potential evidence may be found in the first-filed district. Accordingly, USAA's choice of forum – the Western District of Texas – "should not be lightly disturbed." And these factors apply equally to San Diego-based Mitek. Wilmington is over 2,700 miles from San Diego; San Antonio is less than half that.

### 2. The Narrow Exception of the First Filed Rule Does Not Apply Here Because USAA Filed the First Suit in Good Faith

As a narrow exception, a court may decline to invoke the first filed rule only when the second-filed plaintiff can demonstrate that the second-filed forum provides better judicial and litigant economy, *Genetech, Inc.,* 998 F.2d at 937, that the first-filed litigant is in bad faith or forum shopping, or that the second-filed action is further developed than the first. *Sonion Nederland BV v. Asius Tech. LLC*, 2011 U.S. Dist. LEXIS 144221, *10 (D. Del. Nov. 18, 2011) (citing *EEOC*, 850 F.2d at 976-77).

Mitek cannot meet this heavy burden. First, because USAA's principal place of business and employees, as well as the accused instrumentalities are located in San Antonio, depositions, discovery, trial and other court appearances can be performed cost efficiently and conveniently. Litigating the patent causes of action in San Antonio—the first-filed forum—will impose fewer burdens on USAA's business. The same goes for Mitek, whose headquarters and witnesses are much closer to San Antonio than to Wilmington.

Second, USAA's first-filed suit was brought in good faith and consistent with the purpose of the Declaratory Judgment Act. *Genetech, Inc.*, 998 F.2d at 937 (stating that "the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist"). To be sure, the motive behind USAA's first-file suit is distinguishable from that of the *EEOC* first-filed litigant,

7

who attempted to file a preemptive action to avoid imminent subpoena enforcement by a federal agency.  *EEOC*, 850 F.2d at 977.

Third, the choice of USAA's first-filed forum was motivated by convenience and cost-efficiency factors.  This Court has repeatedly held that such a motivation does not support a finding of forum shopping.  *Time Warner Cable, Inc.*, 520 F. Supp. 2d at 588 n.76 (finding the first filed case did not involve forum shopping where the first filed plaintiff selected the initial forum in order to save time and money and yield a prompt resolution of the suit); *Vygon*, 2009 U.S. Dist. LEXIS 31288 at *5 (finding that the first filed plaintiff's established connection with the initial forum "refute the notion that forum shopping alone underlay" the plaintiff's decision to bring the suit in the forum state).

Fourth, the second-filed case is in its infancy and has not progressed beyond the first-filed action.  Like all of the other factors, this factor does not suggest that departure from the first filed rule would be appropriate.

Accordingly, USAA respectfully requests that this Court dismiss Mitek's mirror-image suit to preserve USAA's proper choice of forum and to discourage Mitek's forum shopping.

### B. IN THE ALTERNATIVE, MITEK'S MIRROR-IMAGE SUIT SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TEXAS

Should the Court choose not to dismiss the Mitek suit, it should nevertheless transfer the patent causes of action to the Western District of Texas, where the first-filed lawsuit is pending and which is a more convenient forum to litigate these actions.  Headquartered in the Western District of Texas, USAA conducts its business there, serves the community there, and designs and tests the accused systems there.   After doing business with USAA for years, Mitek has also developed extensive contacts in and thus benefited from the Western District of Texas.  If it has

been convenient for Mitek to profit from a business headquartered in the first filed forum, it should not be that much of a burden for Mitek to litigate there.

Indeed, the Federal Circuit continuously approves district courts' decision to transfer cases like Mitek's suit to first-filed fora. *E.g.*, *Micron Tech. v. Mosaid Techs.*, 518 F.3d 897, 904-905 (reversing district court for failing to transfer action to first-filed fora); *In re Genetech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009). For the last 50 years, this Court has adhered to the principles of the first filed rule and has thereby transferred numerous second-filed suits out of the District of Delaware. *E.g.*, *Cisco Sys.*, 2008 U.S. Dist. LEXIS 31877 at *6 (observing that the first filed rule was adopted more than 50 years ago by the Third Circuit); *Comcast Cable Commc'n, LLC v. USA Video Tech. Corp.*, 2008 U.S. Dist. LEXIS 35188, *6-*7 (D. Del. April 29, 2008) (granting motion to transfer when the subsequently filed action involves the same parties, same technology, and same patent); *Sonion Nederland*, 2011 U.S. Dist. LEXIS 144221 at *17 (granting the first-filed plaintiff's motion to transfer under 28 U.S.C. § 1404(a)).

    **1.**    **Mitek's Mirror-Image Patent Claims Should be Transferred to the Western District of Texas Because It is More Convenient to Litigate There**

In deciding a motion to transfer, courts often look to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). For instance, in granting a writ of mandamus mandating a motion to transfer, the *In re Genetech* court weighed heavily on factors that promote "the convenience of parties", including that (1) a substantial number of material witnesses resided within the transferee district; (2) the compulsory process was more available in the transferee district; and (3) ***in patent cases***, the bulk of the relevant evidence usually came from the accused infringer's principle place of business. *In re Genetech*, 566 F.3d at 1345 (emphasis added).

Here, the Western District of Texas provides the same advantages as the transferee district in the *In re Genetech* case. Because USAA's principal place of business is in San Antonio, a substantial number of material witnesses and corporate documents reside within the Western District of Texas.

The Western District of Texas is more convenient for Mitek, too. San Antonio is much closer to San Diego than Wilmington; indeed, in the past Mitek would visit USAA's headquarters anytime it could. And after all, if Mitek has found it convenient to profit from a business headquartered in San Antonio, Texas, it should not be that much of a burden for Mitek to litigate there as well. Considering the convenience of both USAA and Mitek, the Western District of Texas is a more convenient forum than the District of Delaware.

### 2. Failure to Transfer Mitek's Mirror-Image Suit Will Thwart Efficiency

If Mitek's mirror-image suit is allowed to remain in this Court, there will be needless duplication of effort in two courts to address essentially the same issues. The parties and both Courts will be dealing with infringement assertions against the same system — USAA's proprietary Deposit@Mobile system—and the same five patents.

Failure to dismiss or transfer Mitek's second-filed suit will force both Courts to become familiar with the operation and design details of the Deposit@Mobile system. And both parties will be forced to duplicate the effort in producing the same documents, deposing the same witnesses, and arguing the same *Markman* motions. As an unfair result, USAA will also be forced to defend Mitek's infringement claims over the same system but in two distant fora. And failure to transfer Mitek's suit will necessarily risk inconsistent rulings regarding the Deposit@Mobile system. To avoid this duplication of effort and risk, transfer is warranted.

### 3. Mitek Will Suffer No Prejudice if the Mitek Mirror-Image Suit is Transferred

Transferring Mitek's mirror-image suit will not prejudice Mitek's ability to assert its claims in a fair and competent court. In fact, transfer to the Western District of Texas, a more convenient forum where USAA resides and is geographically closer to Mitek, will improve Mitek's access to evidence and witnesses. Accordingly, USAA respectfully requests that this Court transfer Mitek's mirror-image suit to the more convenient Western District of Texas.

### C. MITEK'S BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED FOR LACK OF DIVERSITY

In paragraph 73 of the Mitek complaint, Mitek speculates that the total damages sustained from the breach of contract claims are greater than $75,000. Mitek insinuates from this speculated figure that this Court has diversity jurisdiction over the breach of contract claims. Mitek is wrong.

Federal district courts have diversity jurisdiction over civil actions where the amount in controversy is more than $75,000, and where the action is between citizens of different states. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a corporation is treated as both a citizen of the state where it is incorporated, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). An unincorporated association, on the other hand, is treated as a citizen of each state where it has a member for the purposes of diversity jurisdiction. *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1258 (3d Cir. 1977).

It is well established that USAA, as a reciprocal inter-insurance exchange and unincorporated association, is considered a citizen of every state in which it has members. *Lewis v. USAA,* 43 F.3d 433, *1 (8th Cir. December 29, 1994), No. 94-2284 ("the district court correctly determined that the [plaintiff] failed to show complete diversity with USAA, which, as

11

an unincorporated association, is a citizen of the states of each of its members"). USAA has members in the state of Delaware, with over 47,000 active insurance policies in force issued in Delaware to USAA members. [See Declaration of Kristine Thomas at ¶4 attached as Exhibit A.] Because USAA is a Delaware citizen for purposes of diversity jurisdiction,[5] there is no diversity with Mitek, a Delaware corporation.

After this Court dismisses, or in the alternative transfers, Mitek's patent claims, only the contract claim remains in Mitek's suit. Without the patent claims, this Court will no longer have supplemental jurisdiction over the contract claim. Nor will this Court have diversity jurisdiction over Mitek's contract claim because both Mitek and USAA are considered to be citizens of the State of Delaware for the purposes of diversity jurisdiction. In sum, this Court will have no jurisdiction at all over Mitek's contract claim.

Accordingly, USAA respectfully requests that this Court dismiss Mitek's contract claim for lack of diversity jurisdiction.

### D.  MITEK CANNOT USE THE VENUE CLAUSE IN THE CONTRACT AS A BOOTSTRAP TO SECURE ITS PATENT CLAIMS IN THIS COURT

Finally, Mitek will likely argue—as it already has in the Texas court—that the patent dispute and the license dispute are so intertwined as to be inseparable, and that the venue clause in the Agreement should therefore govern the patent infringement claims as well. That is simply

---

[5] Numerous cases have specifically held regarding complaints such as this that USAA is in fact a reciprocal interinsurance exchange, an unincorporated association and consequently that USAA is not of diverse citizenship (or completely diverse citizenship) to a plaintiff who has sought to plead §1332 diversity, and that the various complaints alleging such should be dismissed. See, for example, *Isidore v. USAA Insurance Company*, 2009 WL 1564807 (E.D. La. June 2, 2009), *Tyler v. Nightengale and United Services Automobile Association*, 2007 WL 4287492 (D.Neb. Dec. 5, 2007), *Ourso v. United Services Automobile Association*, 2007 WL 275902 (E.D. La. Jan. 25, 2007), *Chubb Custom Insurance Company v. United Services Automobile Association*, 2005 WL 2475314 (D.N.J. Oct. 5, 2005), *Bitinas v. Roback et al*, 2005 WL 327137 (D. Conn. Feb. 10, 2005), each of which dismisses for lack of subject matter jurisdiction cases in which USAA has been sued in diversity.

untrue, and it is belied by the venue clause itself, which is expressly limited to a "suit or action filed to enforce or contest any provision of this Agreement, or the obligations imposed . . . ." (W.D. Tex. Compl. Ex. U, para. 15). USAA does not presently intend to seek to "enforce or contest any provision" of the license Agreement in the San Antonio proceeding. Moreover, the customary patent defenses of non-infringement, invalidity, and unenforceability do not turn on enforcement of any provision in the license, which is silent on the patents at issue here.

## V. CONCLUSION

For the foregoing reasons, USAA respectfully requests that this Court dismiss Mitek's second-filed suit in its entirety. In the alternative, USAA respectfully requests that this Court order the patent causes of action in Mitek's second-filed suit transferred to the first-filed district and dismiss Mitek's claim for breach of contract for want of jurisdiction.

Dated: April 18, 2012

FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
Cathy L. Reese (DE Bar No. 2838)
Jeremy D. Anderson (DE Bar No. 4515)
222 Delaware Avenue, 17th floor
Wilmington, DE 19899-1114
Telephone: (302) 778-8407
Facsimile: (302) 652-0607

**OF COUNSEL**
David Francescani
Michael T. Zoppo
Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022
Telephone: (212-765-5070
Facsimile: (212) 258-2291
francescani@fr.com
zoppo@fr.com

*Attorneys For Defendant United Services Automobile Association*