IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITEK SYSTEMS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas Reciprocal Inter-Insurance Exchange, <br><br> Defendant. | C.A. No. 12-462-GMS <br><br> **REDACTED** |

**DEFENDANT USAA'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF MITEK SYSTEMS, INC.'S
COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER
TO THE WESTERN DISTRICT OF TEXAS**

    Cathy L. Reese (# 2838)
    Jeremy D. Anderson (# 4515)
    FISH & RICHARDSON P.C.
    222 Delaware Avenue, 17th Floor
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone: (302) 778-8407
    Facsimile:  (302) 652-0607
    reese@fr.com
    janderson@fr.com

    OF COUNSEL
    David Francescani
    Michael T. Zoppo
    Fish & Richardson P.C.
    601 Lexington Avenue, 52nd Floor
    New York, NY 10022
    Telephone: (212) 765-5070
    Facsimile: (212) 258-2291
    francescani@fr.com
    zoppo@fr.com

    *Attorneys for Defendant*
    United Services Automobile Association

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.    BECAUSE THIS ACTION DUPLICATES THE FIRST-FILED ACTION IN TEXAS, MITEK'S CLAIMS SHOULD BE DISMISSED .............................................. 2

    A.    USAA, the Proper Plaintiff, Deserves the Presumption of its Chosen Forum ....... 3

    B.    The Narrow Anticipatory Exception to the First-Filed Rule is Inapplicable .......... 4

II.    THE CONVENIENCE FACTORS SUPPORT TRANSFER TO THE FIRST-FILED FORUM .................................................................................................................... 5

III.    THE CONFIDENTIALITY AGREEMENTS ARE CENTRAL TO THIS DISPUTE AND THE SOFTWARE LICENSE IS NOT CONTROLLING ........................................ 7

    A.    Mitek Rewords the Software License to Broaden Its Scope .................................. 7

    B.    All of USAA's Claims and Defenses Arise Under the Confidentiality Agreements ............................................................................................................................... 8

    C.    The Choice-of-Law and Venue Provisions of the Confidentiality Agreements Control ..................................................................................................................... 8

IV.    CONFLICTING FORUM SELECTION CLAUSES MANDATE DEFERENCE TO THE FIRST-FILED FORUM ................................................................................... 9

CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

*Affinity Memory & Micro v. K&Q Enters.*,
   20 F. Supp. 2d 948 (E.D. Va. 1998) .................................................................................. 2

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ............................................................................................ 2

*Amerada Petroleum Corp. v. Marshall*,
   381 F.2d 661 (5th Cir. 1967) ............................................................................................ 4

*Elect. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) ........................................................................................ 2

*Freedom Mortg. Corp. v. Irwin Fin. Corp.*,
   No. 08-146 GMS, 2009 U.S. Dist. LEXIS 24208 (D. Del. Mar. 23, 2009) .................. 3, 10

*Genentech Inc. v. Ely Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) .................................................................................. 2, 3, 5

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
   179 F.R.D. 264 (C.D. Cal. 1998) .................................................................................. 4, 5

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................................... 6

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) ........................................................................................ 3

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ........................................................................................ 4

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ........................................................................................................ 6-7

*Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*,
   815 F. Supp. 994 (E.D. Tex. 1993) .................................................................................. 2

*Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*,
   774 F. Supp. 858 (S.D.N.Y. 1991) ................................................................................... 4

Defendant United Services Automobile Association ("USAA") files this Reply in support of its Motion to Dismiss Plaintiff Mitek Systems, Inc.'s ("Mitek") Complaint, or in the alternative, to transfer the case to the Western District of Texas.

## INTRODUCTION

Mitek filed this lawsuit as a procedural tactic to interfere with USAA's first-filed action in the Western District of Texas (the "Texas Action"). USAA filed the Texas Action to obtain declaratory judgment of non-infringement and unenforceability of five Mitek patents that Mitek unlawfully obtained through the misappropriation of USAA's trade secrets and other confidential information in violation of three confidentiality agreements ("Confidentiality Agreements"). All three of the Confidentiality Agreements require application of Texas law, and two of the Confidentiality Agreements explicitly identify Bexar County, San Antonio, Texas as the exclusive venue for any dispute between the parties.

Rather than answer USAA's Complaint in the Texas Action, Mitek retaliated by filing this mirror-image action in Delaware, alleging infringement of the same five patents already at issue in the Texas Action. In addition, Mitek inserted a claim for breach of an unrelated Software License Agreement (the "Software License") in an attempt to invoke the Delaware venue provision contained in that agreement. USAA moved to dismiss Mitek's second-filed complaint, or in the alternative, to transfer the action to the Western District of Texas. Mitek opposed USAA's Motion, claiming that the narrow venue provision in the Software License requires that the entire lawsuit be litigated in Delaware. Mitek's arguments are without merit and its Complaint should be dismissed, or in the alternative, this Court should transfer the case to the proper venue of Bexar County, San Antonio, Texas.

**ARGUMENT**

The Court should defer to the first-filed Texas Action because the patent issues raised in that case are identical to those asserted in Mitek's second-filed Complaint here. Additionally, convenience requires that venue remain in Texas because this dispute has no connection to Delaware. Further, although Mitek misconstrues the language of the Software License in an attempt to improperly invoke its forum selection clause, the Software License is not central to the parties' claims and its forum provision cannot be controlling. Moreover, the Confidentiality Agreements entered into before and after the execution of the Software License dictate the forum, or at least create a conflict with the Software License forum selection clause, requiring dismissal of this action under the first-filed rule.

**I.     BECAUSE THIS ACTION DUPLICATES THE FIRST-FILED ACTION IN TEXAS, MITEK'S CLAIMS SHOULD BE DISMISSED**

As an initial matter, to avoid the unnecessary duplication of judicial effort and the possibility of inconsistent rulings on discretionary matters, it is well-settled that the first-filed court should apply the first-filed rule and determine which action should proceed. *See Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993) (staying second-filed action because "the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed"); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Affinity Memory & Micro v. K&Q Enters.*, 20 F. Supp. 2d 948, 954-55 (E.D. Va. 1998). In cases involving patents, the Federal Circuit applies the well-established "general rule" that "the forum of the first-filed case is favored" unless there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech Inc. v. Ely Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993); *see also Elect. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005). Importantly, "[t]he general rule

2

favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech*, 998 F.2d at 937.

Here, the first-filed court in the Western District of Texas already has before it several pending motions regarding whether to apply the first-filed rule. Therefore, to follow well-settled precedent and avoid potentially inconsistent rulings and duplicative judicial effort, this Court should permit the court in the Western District of Texas to determine the proper forum for this action. The court in the Western District of Texas will apply the time-honored first-filed rule, which supports the dismissal of Mitek's second-filed action based on the overlapping claims at issue in USAA's first-filed suit.

### A. USAA, the Proper Plaintiff, Deserves the Presumption of its Chosen Forum

The "presumptive right of the first litigant to choose the forum weigh[s] heavily in [that litigant's] favor" and that right should be disturbed "only to prevent wrong or injustice." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989). Moreover, this Court has previously recognized that a party may not avoid the first-filed rule "simply by filing a complaint . . . under a different contract, where the claims all pertain to the subject matter of another dispute already before a competent court." *Freedom Mortg. Corp. v. Irwin Fin. Corp.*, No. 08-146 GMS, 2009 U.S. Dist. LEXIS 24208, at *5 (D. Del. Mar. 23, 2009).

USAA's presumptive right to choose the forum in good faith should not be disturbed. Mitek's repeated accusations that USAA's Complaint was filed to gain a hometown advantage are unfounded since USAA selected the forum for at least the following reasons: (1) all three Confidentiality Agreements contain Texas choice-of-law provisions; (2) two of the Confidentiality Agreements contain San Antonio venue provisions; (3) all of USAA's patent, tort, and contract claims and defenses relate to the terms and obligations under the

Confidentiality Agreements, which were executed in Texas and are subject to Texas law; and (4) the actions giving rise to the claims occurred in the Western District of Texas. In addition, litigating in the Western District of Texas is convenient and more cost efficient for *both* parties. USAA, the proper plaintiff, chose its forum in good faith and deference should be given to that selection.

### B. The Narrow Anticipatory Exception to the First-Filed Rule is Inapplicable

Further, USAA's suit is not anticipatory under the first-filed rule. "Courts have taken the realistic approach that declaratory judgments are by nature 'anticipatory,' and that there is a natural desire by all parties to select a preferred forum." *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 867 (S.D.N.Y. 1991). "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 662-64 (5th Cir. 1967) (on receipt of letter indicating sender would sue in one district, unless recipient waived personal jurisdiction in another, recipient immediately sued sender).

On the other hand, "a letter which *suggests* the possibility of legal action . . . is *not* a specific, imminent threat of legal action." *Guthy-Renker Fitness, L.L.C.*, 179 F.R.D. at 271 (emphases added). Similarly, "a reasonable apprehension that a controversy exist[s] sufficient to satisfy the constitutional requirements for a declaratory judgment action . . . is not equivalent to an imminent threat of litigation." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137 (11th Cir. 2005). It is widely accepted that "a declaratory action is an appropriate vehicle to 'alleviate the

4

necessity of waiting indefinitely for [another party] to file an infringement action.'" *Guthy-Renker Fitness, L.L.C.*, 179 F.R.D. at 272.

Mitek's argument under this narrow exception is misplaced and inapplicable to the facts of this case. Although Mitek, over the course of eight days, indicated to USAA that USAA did not have a license to use Mitek's Mobile Deposit intellectual property,[1] Mitek never gave USAA specific, concrete indications that a suit was imminent. While USAA reasonably appreciated that a controversy existed, and Mitek does not dispute the existence of declaratory judgment jurisdiction in the Texas court, there was no imminent threat of any legal action by Mitek. Furthermore, there is no requirement that USAA, after being threatened with the possibility of an infringement claim, wait to be served with a complaint. Certainly, this is the exact purpose of the Declaratory Judgment Act.[2] Otherwise, USAA would be held in limbo indefinitely on the mere possibility of an impending suit.

## II. THE CONVENIENCE FACTORS SUPPORT TRANSFER TO THE FIRST-FILED FORUM

Mitek's argument that USAA's choice of forum was one-sided and based on outdated factors is unfounded given the plain facts of this case in relation to the factors to be considered by this Court under a section 1404(a) venue analysis.

The Third Circuit has set forth a variety of private and public interest factors for a court to consider in determining whether to transfer a case under section 1404(a). The private interest factors are: "(1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the

---

[1] D.I. 10, Ex. 3 at ¶¶ 8-11.
[2] *See Genentech*, 998 F.2d at 937 ("The purpose of the Declaratory Judgment Act is to enable a person caught in a controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist.").

5

extent that they may be unavailable for trial in one of the fora; and (6) the location of sources of proof such as books and records to the extent that the records could not be produced in the alternative forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). The public interest factors are: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id*.

Here, neither party is headquartered in Delaware, none of the operative facts that gave rise to this litigation occurred in Delaware, and there are no key witnesses or evidence in Delaware. USAA maintains its principal place of business in the Western District of Texas, and most of USAA's witnesses and evidence are located in the Western District of Texas. Additionally, West Texas is a more convenient forum for Mitek because it is located in San Diego, California, and the named inventors of the patents-in-suit reside in San Diego, California.

Further, Mitek cannot rely on the forum selection clause in the Software License to tip the factors in its favor. Even if this Court determines that the Software License's forum provision applies to Mitek's breach of contract claim, the other factors still must be considered.[3] Forum selection clauses are only one factor in a section 1404(a) venue analysis; in this case, all other factors weigh heavily in favor of transferring Mitek's claims to Texas. *See, e.g., Stewart*

---

[3] Further, this Court will not have jurisdiction over Mitek's breach of contract claim after it dismisses Mitek's patent claims. Without the patent claims, this Court will no longer have supplemental jurisdiction over the contract claim. Nor will this Court have diversity jurisdiction over Mitek's contract claim because both Mitek and USAA are considered to be citizens of the State of Delaware for the purposes of diversity jurisdiction. Mitek does not dispute these facts.

*Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 31 (1988) (noting that a forum selection clause, on its own, is not sufficient to justify transfer); *Jumara*, 55 F.3d at 879. Therefore, a proper balancing of the convenience factors inevitably leads to the conclusion that Texas is a more convenient forum than Delaware.

### III. THE CONFIDENTIALITY AGREEMENTS ARE CENTRAL TO THIS DISPUTE AND THE SOFTWARE LICENSE IS NOT CONTROLLING

Although Mitek misconstrues the language in the Software License in an attempt to improperly invoke its forum selection clause, the Software License is not central to the parties' claims and its forum provision cannot control the forum selection. Instead, the Confidentiality Agreements entered into before and after the execution of the Software License mandate litigation in the Western District of Texas.

#### A. Mitek Rewords the Software License to Broaden Its Scope

Mitek repeatedly misstates the language contained in its own Software License in an effort to broaden the scope of its Delaware venue provision. In its Response, Mitek asserts that the "parties agreed to Delaware law and a mandatory Delaware forum for *any disputes that involve the terms of, or the 'obligations' arising from, their 2006 License Agreement*."[4] The phrases "involve the terms of" and "obligations arising from" are not found anywhere in the narrow Delaware venue provision. **REDACTED**

Mitek's Response then inaccurately tucks each of USAA's claims and defenses under the conveniently-broadened Software License. Mitek's sole purpose for mischaracterizing this key provision is to mislead and deceive the Court to retain its action in Delaware.

---

[4] D.I. 9 at 5.
[5] D.I. 10, Ex. 1 at ¶ 15.

7

### B. All of USAA's Claims and Defenses Arise Under the Confidentiality Agreements

USAA raised nine causes of action and five defenses in its suit in Texas, all of which arise from or are connected with the Confidentiality Agreements.     **REDACTED**

Instead, USAA's patent claims all rely on USAA's contention that the patents at issue were unlawfully obtained in violation of the Confidentiality Agreements.[6]  Similarly, USAA's fraud, misappropriation, breach of contract, and unjust enrichment claims arise from Mitek's material misrepresentations and breaches of the promises made in the Confidentiality Agreements.[7]  The false advertising and unfair competition claims also stem from Mitek's breach of the Confidentiality Agreements.[8] Similarly, USAA's defenses all hinge on the provisions and obligations arising under the Confidentiality Agreements.  It is clear that USAA's claims and defenses arise from, and Mitek's misconduct is governed by, the Confidentiality Agreements.

### C. The Choice-of-Law and Venue Provisions of the Confidentiality Agreements Control

In an effort to evade the Confidentiality Agreements and their corresponding choice-of-law and venue provisions, Mitek argues that the Software License superseded the Confidentiality Agreement executed in May 2006 because both agreements involved the same subject matter, and that the Confidentiality Agreements executed in 2008 do not apply because they involved different subject matter than the Software License.

Neither argument is supported by the plain language of the Confidentiality Agreements or the Software License.  The May 2006 Confidentiality Agreement broadly provided for the

---

[6] D.I. 10, Ex. 3 at ¶¶ 34-54.
[7] D.I. 10, Ex. 3 at ¶¶ 55-72, 73-82, 94-99.
[8] D.I. 10, Ex. 3 at ¶¶ 83-93, 100-106.

exchange of confidential information to explore potential business opportunities; the Software License, however, involved the narrower subject matter of Mitek's pre-existing software package.  Additionally, the execution of two subsequent Confidentiality Agreements covering substantially the same subject matter as the May 2006 Confidentiality Agreement further supports the parties' intent to distinguish the subject matter involved in the May 2006 Confidentiality Agreement and the Software License.  Had the parties viewed the Software License as covering the same subject matter as the May 2006 Confidentiality Agreement, the subsequent Confidentiality Agreements would not have been necessary.  Indeed, the Software License did not supersede the May 2006 Confidentiality Agreement because the Confidentiality Agreement executed in May 2006 covered different subject matter than the Software License.

Even if the May 2006 Confidentiality Agreement and the Software License *did* involve the same subject matter, under Mitek's logic, the 2008 Confidentiality Agreements (which contain integration clauses) would supersede the Software License.  The 2008 Confidentiality Agreements were executed after the Software License and cover the same subject matter as the May 2006 Confidentiality Agreement.  Therefore, Mitek's misconduct since February 2008 would be controlled by the 2008 Confidentiality Agreements, mandating venue in Texas.[9]

## IV. CONFLICTING FORUM SELECTION CLAUSES MANDATE DEFERENCE TO THE FIRST-FILED FORUM

Mitek cannot establish that the forum selection clause in the Software License applies to any relevant claims or defenses.  Even if it could, a conflict would exist between the forum selection clauses in the Confidentiality Agreements and the Software License.  This Court has ruled that enforcement of contractual agreements with conflicting forum selection clauses could

---

[9] Contrary to Mitek's argument, the March 2008 Confidentiality Agreement covers both potential and ongoing business between USAA and Mitek.  D.I. 10, Ex. 3 at Ex. N ¶ 1.1.

result in inconsistent results, confusion, expense, and waste of judicial resources, which is precisely what the first-filed rule seeks to prevent. *Freedom Mortg. Corp.*, 2009 WL 763899, at *6. Therefore, even if the forum selection clauses in the Software License and the Confidentiality Agreements were equally applicable, judicial efficiency and comity would require application of the first-filed rule and dismissal of this case in favor of USAA's first-filed action in Texas.

## CONCLUSION

For the foregoing reasons, Defendant USAA respectfully requests that the Court dismiss Plaintiff Mitek's patent infringement and breach of contract claims or, in the alternative, transfer the action to the Western District of Texas.

                                                      Respectfully submitted,

                                                      FISH & RICHARDSON P.C.

Dated: May 17, 2012                    By: _____
                                                        Cathy L. Reese (# 2838)
                                                        Jeremy D. Anderson (# 4515)
                                                        222 Delaware Avenue, 17th Floor
                                                         P.O. Box 1114
                                                         Wilmington, DE 19899-1114
                                                         Telephone:  (302) 778-8407
                                                         Facsimile:   (302) 652-0607
                                                         reese@fr.com
                                                         janderson@fr.com

                                                         *Attorneys for Defendant*
                                                         United Services Automobile Association